IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| FINAS WELLS, | |
| Plaintiff, | |
| vs. | No. 05-2197-Ml/P |
| REGIONS BANK, | |
| Defendant. | |

---

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

On March 7, 2005, plaintiff Finas Wells filed this complaint, accompanied by an application to proceed in forma pauperis. The motion to proceed in forma pauperis is GRANTED. Plaintiff sues Regions Bank Manager Betty Gossette.[1] Wells previously sued Regions Bank in Case No. 01-2831-G/Bre, seeking two thousand eight hundred two dollars ($2,802.00). The case was dismissed for lack of jurisdiction. See Wells v. Regions Bank, No. 01-2831-G/Bre (W.D. Tenn. Nov. 19, 2001). Wells now contends that Regions Bank Manager Gossette "didn't give [Wells] [his] account amount" of

---

[1] Although Wells named Regions Bank in the style of his complaint, he names Gossette as the defendant in section III of the complaint. Any suit against Regions Bank would immediately be dismissed as duplicative of Wells v. Regions, No. 01-2831-G/Bre (W.D. Tenn. Nov. 19, 2001). Accordingly, the Clerk shall delete all references to Regions Bank as a defendant.

"$2802.00." He seeks an order putting "the defendant in the penitentiary" and fifteen thousand dollars ($15,000.00) in compensatory damages.

As an initial matter, this court must decide if it has jurisdiction of this controversy. Federal courts are courts of limited jurisdiction. Finley v. United States, 490 U.S. 545, 547-48 (1989); Aldinger v. Howard, 427 U.S. 1, 15 (1976); Stillman v. Combe, 197 U.S. 436 (1905); Turner v. Bank of N. Am., 4 U.S. 8, 10 (1799). Federal courts are obliged to act sua sponte whenever a question concerning jurisdiction arises, see, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938), and district courts are obliged to review their own jurisdiction sua sponte, Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181 (7th Cir. 1989)(citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)). Under the Federal Rules of Civil Procedure, a court shall dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12(h)(3).

Plaintiff has filed his complaint on the court's standard form for civil rights violations under 42 U.S.C. § 1983. However,"[a] § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999). "In order to be subject to suit under § 1983 claim, defendant's actions must be fairly attributable to the state." Collyer v. Darling, 98 F.3d

2

211, 231-32 (6th Cir. 1997). In this case, the sole defendant is apparently a private individual, and the complaint sets forth no basis for imputing her actions to the state. In the absence of state action, plaintiff has failed to state a claim under 42 U.S.C. § 1983.

Furthermore, private individuals may not commence federal criminal prosecutions by obtaining a criminal warrant or by filing a civil suit.

> Private citizens generally have no standing to institute federal criminal proceedings. See Keenan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964). As the court explained in Bass Angler Sportsman Soc'y v. United States Steel Corp., 324 F. Supp. 412, 415 (S.D. Ala. 1971)(citations omitted), aff'd, 447 F.2d 1304 (5th Cir. 1971):
>
>> Criminal statutes cannot be enforced by civil actions. Serious constitutional problems are encountered in any attempt to impose criminal sanctions by way of civil procedures.
>>
>> Equally important is the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions. It has been repeatedly held that the Executive Branch through the Justice Department and U.S. Attorneys is charged with enforcement of federal criminal law and in this area has broad discretion in determining whether or not to prosecute. In the exercise of such discretion U.S. Attorneys are immune from control or interference through mandamus or otherwise by private citizens or by courts.

Winslow v. Romer, 759 F. Supp. 670, 673-74 (D. Colo. 1991).

3

Nor does this court have diversity jurisdiction over this action. This court has subject matter jurisdiction over actions between citizens of different states only if the amount in controversy exceeds $75,000. 28 U.S.C. § 1331(a). Neither the amount of compensatory damages sought, $15,000, nor the actual amount in controversy, $2,802, is sufficient to invoke the court's diversity jurisdiction. Furthermore, Wells does not allege that Gossette is a citizen of another state.

Accordingly, this case is DISMISSED, pursuant to Fed. R. Civ. P. 12(h)(3), for lack of subject matter jurisdiction.

The final issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2nd Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore

CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal Serv., 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by the plaintiff in this case.  If plaintiff files a notice of appeal, he must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.  The entire filing fee must be paid within thirty days of the filing of the notice of appeal.

By filing a notice of appeal, the plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.  If the plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days of the filing of the notice of appeal or the entry of this Order, whichever occurs later, the district court will notify the Sixth Circuit, which will dismiss the appeal.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  McGore, 114 F.3d at 610.

IT IS SO ORDERED this 30th day of June, 2006.

/s/ Jon P. McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE